JILL P. TELFER (SBN 145450)
LAW OFFICES OF JILL P. TELFER
331 J Street, Suite 200
Sacramento, California 95814
Telephone:  (916) 446-1916
Facsimile:  (916) 446-1726
Email:  jtelfer@telferlaw.com

Attorney for Plaintiff: RICHARD FITZGERALD

C. CHRISTINE MALONEY (SBN 226575)
FOSTER EMPLOYMENT LAW
3000 Lakeshore Avenue
Oakland, California 94610
Telephone: (510) 763-1900
Facsimile: (510) 763-5952
Email:  cmaloney@fosteremploymentlaw.com

Attorneys for Defendant: COUNTY OF EL DORADO

MICHAEL W. POTT (SBN 186156)
JEREMY P. EHRLICH (SBN 284656)
PORTER SCOTT
350 University Ave., Suite 200
Sacramento, California 95825
Telephone:  (916) 929-1481
Facsimile: (916) 927-3706
Emails:  mpott@porterscott.com, jehrlich@porterscott.com

Attorneys for Defendants:  SHERIFF JOHN D'AGOSTINI and UNDERSHERIFF RICH WILLIAMS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD FITZGERALD,<br><br>              Plaintiff,<br>vs.<br><br>EL DORADO COUNTY; SHERIFF JOHN D'AGOSTINI; UNDERSHERIFF RICH WILLIAMS; and DOES 1 through 20, inclusive,<br><br>              Defendants. | Case No.   2:12-cv-02932-MCE-KJN<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Date Action Filed:  12/4/2012<br>Trial Date: February 2, 2015 |

1

Stipulated Protective Order                                                             Case No. 2:12-cv-02932-MCE-KJN

## I. INTRODUCTION

WHEREAS, Plaintiff Richard Fitzgerald ("Plaintiff") and Defendants El Dorado County, Sheriff John D'Agostini and Undersheriff Rich Williams, (collectively hereafter "Defendants"), and Plaintiff and Defendants referred to jointly as the "Parties", in good faith believe that certain discoverable documents and deposition testimony in the above-referenced case contains information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and/or (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

WHEREAS, the Parties acknowledge that there are likely to be documents and other material in existence which touch upon a number of sensitive matters and which may invade the right of privacy not only of the parties, but of non-parties employed in the law enforcement community, private citizens, minors and victims of crime and/or which may compromise law enforcement activities including without limitation pending criminal investigations. Without a protective order in place, if such information is required to be produced in discovery, it may run afoul of privacy rights guaranteed by several sources of law including without limitation the United States Constitution, and Article I, Section I of the California Constitution, and the California Police Officer's Bill of Rights.

## II. STIPULATION

1. <u>Agreement to Be Bound</u>. The Parties stipulate and agree that access to and use of Confidential Information, as defined herein, shall be governed by the provisions of this Stipulated Protective Order and shall apply to all copies, extracts, and summaries of such designated information. The Parties stipulate and agree that, by entering into this Stipulated Protective Order, they are not waiving any privileges or objections to the admissibility or discoverability of information produced hereunder.

2. <u>Confidential Information Defined</u>. For purposes of this Stipulated Protective Order, "Confidential Information" shall mean information which is (a) confidential, sensitive, or

2

potentially invasive of an individual's privacy interests; (b) not generally known; and/or (c) not normally revealed to the public or third parties. Confidential Information may include documents, things, or information produced pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, responses to requests for admissions and interrogatories, deposition testimony, and all other such information that may be disclosed in the course of discovery in this action, and any copies, extracts, compilations, or summaries thereof.

3. <u>Designation of Confidential Information</u>. Documents or writings which contain Confidential Information shall have the legend "CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER" affixed to each page that contains Confidential Information at the time the material is disclosed or produced. Testimony given at a deposition or other pretrial proceeding that contains Confidential Information must be identified as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" on the record, before the close of the deposition or hearing. Within 30 calendar days of receipt of the transcript of such deposition or hearing, the designating party must specify those page and line numbers that contain the designated Confidential Information and notify all other parties in writing of such specific designation. Upon being informed of the specific portions of a transcript designated as Confidential Information, each party shall promptly stamp "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" on each designated page of each transcript copy in their custody or control. If any party intends to publicly file and/or use portions of a transcript for which the 30 day period has not yet expired, the parties shall attempt in good faith to reach agreement on shortening the deadline.

4. Any party may designate a document as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" upon a good faith determination by a party that the document contains information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and/or (c) not normally revealed to the public or third parties and by stamping or affixing the words "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" on the face of the document. Tangible things other than documents (*e.g.*, audio tapes, products, computer disks, etc.) may be designated by stamping or affixing the designation to the

3

item or its container, as appropriate.

5. The Parties may designate material as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" after production under the following circumstances:

   a. Advise the party who received such documents in writing of the new designation;
   b. The new designation applies only as of the date and time of receipt of notice by the party notified;
   c. The party who received the non-designated documents must return the documents to the producing party, and the producing party must provide the other party with another copy of the documents that bears the new and correct designation;
   d. The party who received the non-designated documents must make a good faith effort to immediately retrieve any information disclosed to persons not authorized by this Protective Order to receive such information, and obtain an agreement from the persons to whom such disclosure was made to be bound by this Protective Order.

6. <u>Challenging a Confidential Designation</u>.  If a party believes that a document or other information which designated as Confidential Information should not have such designation, that party must notify the designating party of its disagreement and the basis therefore.  Counsel for the Parties shall then meet and confer within 14 days of such notice and endeavor to reach an agreement concerning the protected status of the document or information.  If the Parties cannot resolve a challenge without court intervention, the party seeking to designate the information as confidential shall file a motion for designation with the Court.  Until the Court resolves the motion, the document or information shall be treated as Confidential Information subject to this Stipulated Protective Order.

7. <u>Access to and Use of Confidential Information</u>.  A party receiving Confidential Information under this Stipulated Protective Order may use such information only in the prosecution, defense or attempted settlement of this litigation.  A party receiving Confidential Information may only disclose such information to the following persons:

    a.    The receiving party's attorneys of record, as well as the attorneys' support staff to whom disclosure is reasonably necessary for this litigation;

    b.    The receiving party to whom disclosure is reasonably necessary for this litigation;

    c.    Retained experts and consulting experts of the receiving party to whom disclosure is reasonably necessary for this litigation;

    d.    The Court and its personnel;

    e.    Court reporters and their staff and other professional vendors to whom disclosure is reasonably necessary for this litigation and whom have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

    f.    Witnesses testifying in deposition to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

8.    <u>Unauthorized Disclosure of Confidential Information</u>.  If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately:  (1) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound."  (Exhibit A.)

9.    <u>Filing Confidential Information</u>.  The Parties agree to follow the procedure outlined in Local Rule 141 for lodging and filing documents under seal with regard to any item containing information designated as Confidential under this Stipulated Protective Order.  The Parties agree that an election not to seek an order placing specific documents under seal does not constitute a waiver of this Stipulated Protective Order.  Furthermore, any documents which the Court declines to order sealed do not lose their status as Confidential Information under this Stipulated Protective Order as a result thereof.

10. <u>Return of Confidential Information</u>.  Within 60 days after the final disposition of this action (including any appeal, writ, review or rehearing), the receiving party must return all Confidential Information, including any copies, extracts, or any other format reproducing or capturing Confidential Information, to the designating party.  The receiving party must also submit a written certification to the designating party by the 60-day deadline that (1) identifies by category all of the Confidential Information that was returned and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or other format reproducing or capturing any of the Confidential Information.  Notwithstanding this provision, counsel for the Parties are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.  Any such archival copies that contain or constitute Confidential Information shall remain subject to the confidentiality obligations of this Stipulated Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | |
|---|---|
| 8/28/13 | /s/ Jill P. Telfer |
| Date | Jill P. Telfer |
| | Attorney for Plaintiff |
| | RICHARD FITZGERALD |

| | |
|---|---|
| 8/28/13 | /s/ Michael W. Pott |
| Date | Michael W. Pott/Jeremy Ehrlich |
| | Attorneys for Defendants |
| | SHERIFF JOHN D'AGOSTINI and |
| | UNDERSHERIFF RICH WILLIAMS |

| | |
|---|---|
| 9/4/13 | /s/ C. Christine Maloney |
| Date | C. CHRISTINE MALONEY |
| | Attorneys for Defendant |
| | COUNTY OF EL DORADO |

### III.    ORDER

Pursuant to the Stipulation of the parties and good cause appearing therefore, IT IS SO ORDERED.

Dated:  September 17, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [*print or type full name*], of _____ [*print or type full address*], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [*date*] in the case of *Fitzgerald v. El Dorado County, Sheriff John D'Agostini, Undersheriff Rich Williams and Does 1 through 20,* Case: 2:12-cv-02932-MCE-KJN . I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____